UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN FAUST and LORI ESHENAUR, as Trustees of the SHEET METAL WORKERS LOCAL 44 RETIREMENT INCOME PLAN, SHEET METAL WORKERS LOCAL 44 ANNUITY FUND, SHEET METAL WORKERS LOCAL 44 WELFARE FUND and SHEET METAL INDUSTRY EDUCATION FUND,<br>　　　　Plaintiffs<br>　　v.<br><br>MIKE BEVILACQUA SHEET METAL, INC.<br>916 Capouse Avenue<br>Scranton, Pennsylvania 18509-2932<br>(Lackawanna County)<br>　　　　Defendant | : CASE NO.<br>:<br>:<br>: *Electronically Filed*<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

1.　This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132 and 1145, 29 U.S.C. §185(a), and/or 28 U.S.C. §1331.  The claims asserted herein are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. Venue lies in this District under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

3. Plaintiff, Sheet Metal Workers Local 44 Retirement Income Plan (hereinafter the "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

4. The Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this District at ℅ O'Neill Consulting Corp., 487 Devon Park Drive, Suite 206, Wayne, PA 19087-1808.

5. Plaintiff, Sheet Metal Workers Local 44 Annuity Fund (hereinafter the "Annuity Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

6. The Annuity Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37),

(2) and (3), which is administered and has its principal place of business in this District at ℅ O'Neill Consulting Corp., 487 Devon Park Drive, Suite 206, Wayne, PA 19087-1808.

7. Plaintiff, Sheet Metal Workers Local 44 Welfare Fund (hereinafter the "Health and Welfare Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

8. The Health and Welfare Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3), which is administered and has its principal place of business in this District at ℅ O'Neill Consulting Corp., 487 Devon Park Drive, Suite 206, Wayne, PA 19087-1808.

9. Plaintiff, Sheet Metal Industry Education Fund (hereinafter the "Education Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

3

10. The Education Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3), which is administered and has its principal place of business in this District at ℅ O'Neill Consulting Corp., 487 Devon Park Drive, Suite 206, Wayne, PA 19087-1808.

11. The Pension Fund, Annuity Fund, Health and Welfare Fund and Education Fund are hereinafter jointly or severally referred to as "the Funds" or "ERISA Funds."

12. Plaintiffs Warren Faust and Lori Eshenaur (who, together with the Funds, are collectively referred to herein as "Plaintiffs"), are fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Funds and related matters. They have a business address at the addresses for the Funds listed herein, and are authorized to bring this action on behalf of all Trustees of the Funds as organizations.

13. Defendant, Mike Bevilacqua Sheet Metal, Inc. (hereinafter "the Company"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7) and 1002(5), (11) and (12), with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this District and a

substantial part of the events or omissions giving rise to the claims herein occurred from transactions with the Funds' office in this District.

14. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement (hereinafter the "Agreement") between Local Union No. 44 of the Sheet Metal Workers' International Association and the Sheet Metal Contractors Association of Northeastern Pennsylvania, Inc.

15. The Company is subject to and has agreed to abide by the terms of the Amended and Restated Agreements and Declarations of Trust of the Funds (singly or jointly referred to herein as the "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

16. Under the Agreement, Trust Agreements, plan documents of the ERISA Funds and/or other documents, the Company agreed:

    a. To make full and timely payment on a monthly basis, on or before the 20th day of each month, to the Funds as required by the Trust Agreements and plan documents;

      b.      To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Agreement;

      c.      To pay liquidated damages in the amount of Five (5%) Percent of the delinquent amount; interest at the rate of One and One-half (1.5%) Percent of the delinquent amount per month; and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above.

### COUNT I – CONTRIBUTIONS UNDER ERISA

Warren Faust and Lori Eshenaur, as Trustees of the Sheet Metal Workers Local 44 Retirement Income Plan, Sheet Metal Workers Local 44 Annuity Fund, Sheet Metal Workers Local 44 Welfare Fund and Sheet Metal Industry Education Fund v. Mike Bevilacqua Sheet Metal, Inc.

17.    The allegations of Paragraphs 1 through 16 above are incorporated by reference as if fully restated.

18.    Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents in the amount of $107,383.60 for the period of January, 2015 through the present, in violation of 29 U.S.C. §1145.

19. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the period of January, 2015 through the present.

20. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a. For contributions due to the Funds for the period of January, 2015 through the present, in at least the sum of $107,383.60, plus any additional contributions due since the filing of this action;

    b. For liquidated damages and interest due on account of the untimely payment of contributions for the period of January, 2015 through the present, plus any additional liquidated damages and interest due since the filing of this suit; and

    c. For such other legal or equitable relief as the Court deems appropriate.

## COUNT II – CONTRIBUTIONS UNDER COLLECTIVE BARGAINING AGREEMENTS

Warren Faust and Lori Eshenaur, as Trustees of the Sheet Metal Workers Local 44 Retirement Income Plan, Sheet Metal Workers Local 44 Annuity Fund, Sheet Metal Workers Local 44 Welfare Fund and Sheet Metal Industry Education Fund v. Mike Bevilacqua Sheet Metal, Inc.

21. The allegations of Paragraphs 1 through 20 above are incorporated by reference as if fully restated.

22. The Company has not paid the Funds as required by the Agreement and other documents incorporated by the Agreement, such as the Trust Agreements or plan documents of the ERISA Funds.

23. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents in the amount of $107,383.60 for the period of January, 2015 through the present.

24. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the period of January, 2015 through the present.

25. Plaintiffs have been damaged by the Company as a proximate result of the Company's breach of the Agreement and/or its incorporated documents.

8

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a.    For contributions due to Plaintiffs, for the benefit of the Funds, for the period of January, 2015 through the present, in at least the sum of $107,383.60, plus any additional contributions due since the filing of this action;

    b.    For liquidated damages and interest due on account of the untimely payment of contributions for the period of January, 2015 through the present, plus any additional liquidated damages and interest due since the filing of this suit; and

    c.    For such other legal or equitable relief as the Court deems appropriate.

> Respectfully submitted,
> CHARLES W. JOHNSTON, P.C.
> 101 Erford Road, Suite 302
> Post Office Box 98
> Camp Hill, Pennsylvania 17001-0098
> Telephone: (717) 975-5500
> Facsimile: (717) 975-5511
>
> /s/ CHARLES W. JOHNSTON
> Pa. I.D. No. 15621
> e-mail: cjohnston@jadlegal.com
>
> *Attorneys for Plaintiffs*

Dated:    October 5, 2017